UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TARA BRANDO SULLIVAN** | **CIVIL ACTION NO. 5:19-CV-00784** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **KTBS, LLC** | **MAGISTRATE MARK L. HORNSBY** |

### ANSWER TO PLAINTIFF'S COMPLAINT

NOW INTO COURT, through undersigned counsel, comes KTBS, LLC ("KTBS"), named Defendant herein, who, with respect, responds to Plaintiff's complaint as follows:

### GENERAL DENIAL

KTBS denies each and every allegation of Plaintiff's complaint, except as may hereinafter be expressly admitted.

### ANSWER

FURTHER ANSWERING, KTBS offers the following specific responses to Plaintiff's complaint:

### I. ALLEGED JURISDICTION

1.

Except to admit that Plaintiff purports to bring an action for declaratory, injunctive and monetary relief for alleged violations of the Americans with Disabilities Act (ADA), and that this Court has subject matter jurisdiction, denied.

## II. ALLEGED PARTIES

2.

Except to admit that Plaintiff is an adult female citizen of the United States and that she formerly resided and was domiciled in Louisiana, denied for lack of knowledge or information sufficient to admit or deny her current residence or domiciliary.

3.

Admitted.

4.

Admitted.

## III. ALLEGED FACTS

5.

Except to deny that Plaintiff received many positive job evaluations for her job performance during her brief employment with KTBS, admitted.

6.

KTBS admits that Plaintiff collapsed while she was covering a news story in the Canton, TX area. KTBS is unable to admit or deny the truth of the remaining allegations for lack of sufficient knowledge and therefore denies the same.

7.

KTBS is without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore KTBS denies the same.

8.

Except to admit that KTBS sent Plaintiff a letter on May 11, 2017 advising that she was being placed on unpaid medical leave pending further information about her anticipated return-to-work date with or without restrictions, denied.

9.

Except to admit that Plaintiff and Randy Bain spoke on May 19, 2017, denied.

10.

Except to admit that Plaintiff was informed by phone that she was being terminated from employment effective May 24, 2017 for the reasons set forth in the 5/24/17 letter, and that she had not provided KTBS with a release to return to work, denied.

11.

Except to admit that KTBS mailed Plaintiff a letter dated May 24, 2017 and that the letter speaks for itself, denied.

12.

Except to admit that KTBS never received any communication from any of Plaintiff's healthcare providers or any fitness for duty that contradicted what Plaintiff had previously told Mr. Bain, denied.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Based on the information that was provided to KTBS by Plaintiff and her mother, denied.

17.

Denied.

18.

Admitted.

19.

Except to admit that a Notice of Right to Sue was issued by the U.S. EEOC dated April 9, 2019, denied for lack of knowledge as to when Plaintiff actually received it.

20.

Denied.

## IV.  ALLEGED CAUSE OF ACTION – DISABILITY CLAIM

21.

KTBS reavers and reiterates its answers to the prior referenced paragraphs.

22.

Denied.

23.

Denied.

## V.  JURY TRIAL DEMANDED

24.

Except to admit that Plaintiff has requested a trial by jury as to all matters permitted by law, denied.

## VI. RELIEF

Except to admit that plaintiff seeks the specified relief, KTBS denies that plaintiff is entitled to any relief.

AND NOW FURTHER ANSWERING:

### FIRST DEFENSE

Plaintiff has failed to exhaust her administrative remedies with respect to portions of her complaint.

### SECOND DEFENSE

There were no reasonable accommodations which would have allowed plaintiff to perform the essential tasks of the job she held or desired.

### THIRD DEFENSE

Any failure to provide a reasonable accommodation claim must be dismissed to the extent any unidentified accommodation would have imposed an undue hardship on defendant's operations or a direct threat to Plaintiff or others.

### FOURTH DEFENSE

Legitimate, non-discriminatory reasons existed for all actions with respect to plaintiff which are the subject matter of this lawsuit.

### FIFTH DEFENSE

Plaintiff failed to mitigate her damages, if any.

### SIXTH DEFENSE

KTBS denies that plaintiff is entitled to any relief, including the relief requested in the prayer for relief.

## SEVENTH DEFENSE

KTBS is entitled to a set off against any claim for damages in any amounts which Plaintiff did or could have earned through reasonable efforts, did or could have obtained through unemployment compensation, and any amounts paid to or on behalf of Plaintiff by KTBS.

## EIGHTH DEFENSE

To the extent they are sought, plaintiff is not entitled to punitive damages because KTBS never acted with malice or reckless indifference to plaintiff's federally-protected rights, and because the behavior alleged by plaintiff was contrary to the station's good faith efforts to comply with the ADA and all other federal and state employment laws.

WHEREFORE, Defendant, KTBS, LLC, prays that its Answer be deemed good and sufficient and that after all due proceedings are had, there be judgment herein, dismissing the claims of Plaintiff, with prejudice, at her sole cost, and for all general and equitable relief.

Respectfully submitted,

KEAN MILLER LLP

By: /s/Brian R. Carnie
      Brian R. Carnie, La. Bar #30868

333 Texas Street, Suite 450
Shreveport, LA 71101
Telephone:  (318) 562-2700
Facsimile:   (318) 562-2751
Email: brian.carnie@keanmiller.com

Chelsea Gomez Caswell, Bar No. 35147
400 Convention Street, Suite 700
P.O. Box 3513
Baton Rouge, LA 70802
Telephone:  (225) 387-0999
Email: chelsea.caswell@keanmiller.com

***ATTORNEYS FOR KTBS, LLC.***